# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF CONTENT AND ALL RECORDS ASSOCIATED WITH E-MAIL ACCOUNT: gjfflohr@gmail.com<br><br>THAT IS STORED AT PREMISES CONTROLLED BY GOOGLE<br>1600 AMPHITHEATRE PARKWAY<br>MOUNTAIN VIEW, CA 94043 | APPLICATION AND AFFIDAVIT FOR SEARCH WARRANT<br><br>5-14MJ00131 |

FILED 2014 AUG 28
CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
DEPUTY CLERK

I, Sean E. Means, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property:

See Attachment "A" of the Affidavit attached hereto and made a part of this Application for Search Warrant

there is now concealed a certain person or property, namely:

See Attachment "B" of the Affidavit attached hereto and made a part of this Application for Search Warrant

The basis for the search under 18 U.S.C. § 2703 and Fed.R.Crim.P.41(c) is (check one or more):

- ☒ evidence of a crime;
- ☒ contraband, fruits of crime, or other items illegally possessed;
- ☒ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC 2252 | Certain activities relating to material involving the sexual exploitation of minors |
| 18 USC 2252A | Interstate Receipt or Distribution of Child Pornography |

The application is based on these facts:

- ☒ Continued on the attached sheet(s) – See Attached Affidavit
- ☐ Delayed notice of _____ days is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

(Applicant's Signature): _____
(Printed Name and Title): Sean E. Means, Special Agent

SWORN TO BEFORE ME AND SIGNED IN MY PRESENCE.

Date: 8/28/14

Judge's Signature: _____

City and State: Abilene, Texas

E. Scott Frost, U.S. Magistrate Judge
(Printed Name and Title)

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Special Agent, Sean E. Means, of the Federal Bureau of Investigation (FBI), being duly sworn under oath, do hereby depose and state:

1. I am a Special Agent with the Federal Bureau of Investigation (FBI), United States Department of Justice, and have been so employed since 2006 and am assigned to the Dallas Division, Abilene Resident Office, Abilene, Texas. As part of my duties as an FBI agent, I investigate criminal violations relating to child sexual exploitation and child pornography, including violations pertaining to the illegal production, distribution, receipt, and possession of child pornography and child obscenity, in violation of Title 18, United States Code, §§ 1466A, 2251, 2252, and 2252A. As part of my duties as an FBI Special Agent, I have gained experience conducting criminal investigations involving child sexual exploitation and child pornography, and have participated in the execution of several search warrants in such investigations. I have had the opportunity to observe and review numerous examples of child pornography (as defined in Title 18, U.S.C. § 2256) in all forms of media, including computer media.

2. As a federal agent, I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States.

3. This affidavit is being made in support of an application for a search warrant for information associated with a certain Google, Inc. ("Google") account, listed

in Attachment "A," that is stored at the premises owned, maintained, controlled, and/or operated by Google, 1600 Amphitheatre Parkway, Mountain View, California, for the items specified in Attachment "B" hereto.

4. The affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A), and 2703(c)(1)(A), to require Google to disclose to the government records and other information in its possession pertaining to the subscriber or customer associated with the accounts, including the contents of communications and contents of the accounts.

## STATUTORY AUTHORITY

5. This investigation concerns alleged violations of 18 U.S.C. §§ 2252 and 2252A, relating to material involving the sexual exploitation of minors.

## GOOGLE

6. Google is a multinational corporation specializing in Internet-related services and products, including search functions, cloud computing, software, and advertising technologies. Google offers an e-mail system known as gmail, which allows users to create e-mail accounts to send, receive, and save e-mails. Google offers other various products and services, including Picasa, Google+, a social networking platform, and instant messaging services.

## **DEFINITIONS**

7. The following definitions apply to this affidavit and Attachment "B" to this affidavit:

8. "Child Pornography" means any depiction meeting the definition set forth in Title 18, United States Code, section 2256(8) (any visual depiction of sexually explicit conduct where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, (b) the visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct, or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct).

9. "Visual depictions" include undeveloped film and videotape, and data stored on computer disk or by electronic means, which is capable of conversion into a visual image. See, 18 U.S.C. § 2256(5).

10. "Child Erotica," as used herein, means any material relating to minors that serves a sexual purpose for a given individual, including fantasy writings, letters, diaries, books, sexual aids, souvenirs, toys, costumes, drawings, and images or videos of minors that are not sexually explicit.

11. "Minor" means any person under the age of eighteen years. See, 18 U.S.C. § 2256(1).

12. "Sexually explicit conduct" means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any person. See, 18 U.S.C. § 2256(2).

13. "Internet Service Providers" or "ISPs" are commercial organizations which provide individuals and businesses access to the Internet. ISPs provide a range of functions for their customers, including access to the Internet, web hosting, e-mail, remote storage, and co-location of computers and other communications equipment. ISPs can offer various means by which to access the Internet, including telephone based dial-up, broadband based access via a digital subscriber line (DSL) or cable television, dedicated circuits, or satellite-based subscription. ISPs typically charge a fee based upon the type of connection and volume of data, called bandwidth, that the connection supports. Many ISPs assign each subscriber an account name such as a user name or screen name, an e-mail address, and an e-mail mailbox, and the subscriber typically creates a password for the account. By using a computer equipped with a telephone or cable modem, the subscriber can establish communication with an ISP over a telephone line or through a cable system, and can access the Internet by using his or her account name and password.

14. The terms "records", "documents", and "materials", as used herein, include all information recorded in any form, visual or aural, and by any means, whether in handmade form (including, but not limited to, writings, drawings, painting), photographic form (including, but not limited to, microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, photocopies), mechanical form (including, but not limited to, phonograph records, printing, typing) or electrical, electronic or magnetic form (including, but not limited to, tape recordings, cassettes, compact discs, electronic or magnetic storage devices such as floppy diskettes, hard disks, CD-ROMs, digital video disks (DVDs), Personal Digital Assistants (PDAs), Multi Media Cards (MMCs), memory sticks, optical disks, printer buffers, smart cards, memory calculators, cellular telephones, game consoles, electronic dialers, or electronic notebooks, as well as digital data files and printouts or readouts from any magnetic, electrical or electronic storage device).

15. "Electronic Mail," commonly referred to as e-mail (or email), is a method of exchanging digital messages from an author to one or more recipients. Modern e-mail operates across the Internet or other computer networks. E-mail systems are based on a store-and-forward model; they need only connect briefly, typically to an e-mail server, for as long as it takes to send or receive messages. An Internet e-mail message generally consists of three components: the message envelope, the message header, and the message body, but may include a fourth component, an attachment. E-mail attachments can include any type of digital file. There are numerous methods of obtaining an e-mail

account; some of these include e-mail accounts issued by an employer or school. One of the most common methods of obtaining an e-mail account is through a free web-based e-mail provider such as MSN, Yahoo! or Gmail. Anyone with access to the Internet can generally obtain a free web-based e-mail account.

16. "Website" consists of textual pages of information and associated graphic images. The textual information is stored in a specific format known as Hyper-Text Mark-up Language (HTML) and is transmitted from web servers to various web clients via Hyper-Text Transport Protocol (HTTP).

## BACKGROUND OF INVESTIGATION

17. On July 2, 2014, an individual identified as Gregory Flohr, entered the T-Mobile store located at 6319 82nd St., Suite 100, Lubbock, TX. Flohr was accompanied by "Jane Doe," a female under 12 years of age. Flohr purchased two cellular phones, one for himself and one for "Jane Doe." Flohr requested that T-Mobile staff transfer the data from his existing cellular phone (Samsung Galaxy S4, manufactured in China) onto the cellular phone he just purchased (Samsung Galaxy S5, manufactured in China). This process involved Flohr telling the T-Mobile employee his Google Gmail account and password to facilitate the data transfer.

18. The employee logged into Flohr's Google account using a T-Mobile computer terminal. The employee began the data transfer to Flohr's new cellular phone. During the data transfer, the employee noticed several images and videos depicting Flohr

engaged in sexual contact with "Jane Doe." The images were hosted on Flohr's Google account, gjfflohr@gmail.com. The employee allowed the data transfer to complete at which time, Flohr and "Jane Doe" left the T-Mobile store.

19. T-Mobile subsequently contacted the Lubbock Police Department (LPD) to report the incident. LPD patrol officers responded to the T-Mobile store and were advised of the above events. T-Mobile employees showed the officers the images from Flohr's Google account which had not been logged out. LPD detectives also responded to the T-Mobile store and observed the images depicting the sexual contact with "Jane Doe." The images include, but are not limited to, genital-genital contact, oral-genital contact, digital penetration of "Jane Doe's" anus, and genital-anal contact. T-Mobile Regional Manager Rob Irelan gave LPD Detective Chris Jenkins the Samsung Galaxy S4 Flohr had just traded in. The phone is further described as a Samsung, model SGH-M919, IMEI 35553Z (the rest of the digits are illegible), white in color.

20. Flohr was later located by LPD detectives and patrol officers at the residence of a woman and her boyfriend in Hockley County, Texas. "Jane Doe" was also located at that location. LPD officers were told Flohr arrived at this residence two days prior from Phoenix, Arizona, and was staying at the residence as a guest. Flohr agreed to speak with LPD detectives, and during a noncustodial interview, Flohr advised he travelled to Lubbock two days prior from Phoenix, Arizona. Flohr advised that he had, in fact, engaged in sexual contact with "Jane Doe" in Phoenix, Arizona,

approximately three years ago. Flohr advised he touched "Jane Doe" under her panties with his hand and that "Jane Doe" touched his penis. Flohr advised that he took videos and pictures of his sexual contact with "Jane Doe." Flohr further advised that the images and videos would be found on his cellular phone, which was located inside the residence where he was visiting.

21.  Flohr was placed under arrest for possession of child pornography in violation of Texas Penal Code, Section 43.26.

22.  On July 3, 2014, FBI SA Keith Quigley presented United States Magistrate Judge Nancy Koenig with a Criminal Complaint and Affidavit in Support of Criminal Complaint. After reviewing the above-referenced documents, Judge Koenig signed the Criminal Complaint and Affidavit in Support of Criminal Complaint and issued a Warrant for Arrest charging Flohr with transportation of child pornography, in violation of Title 18, U.S.C., Section 2252A(a)(1).

23.  On July 16, 2014, the facts of the case were presented to the Federal Grand Jury in Lubbock, Texas, and they returned a true-bill on a three-count Indictment. Flohr was charged with two counts of Possession of Child Pornography and Aiding and Abetting in violation of Title 18, U.S.C. Section 2252A(a)(5)(B) and 2; and one count of Transportation of Child Pornography and Aiding and Abetting in violation of Title 18, U.S.C. Section 2252A(a)(1) and 2.

24. On August 22, 2014, S.A. Keith Quigley presented a search warrant affidavit to Magistrate Judge Nancy M. Koenig, setting out essentially the same background facts that are set out in paragraphs 17 through 23 of this affidavit, but listing Flohr's Google e-mail address in question as "jgflohr@gmail.com," rather than "gjfflohr@gmail.com". At the time SA Quigley executed the search warrant affidavit, it was his understanding and belief that Flohr's Google e-mail address was as he had stated in that affidavit. After the search warrant was executed on Google, however, they advised that they had no such account. SA Quigley was able to then determine that Flohr's correct Google e-mail account name was "gjfflohr@gmail.com".

25. I know from training and experience, and from the training and experience of other law enforcement officers I have spoken to, that individuals who possess, receive, and distribute child pornography often use different methods to send and receive files, including e-mail, peer-to-peer file sharing, and cloud storage accounts.

26. I know from training and experience, and from the training and experience of other law enforcement officers, that individuals involved in the trafficking of child pornography often create numerous e-mail accounts and online profiles using the same user names, or variations that closely resemble those user names.

27. I am aware that Internet-based e-mail accounts, such as those offered by Google, allow users to keep and store e-mail messages, photographs, and other files, for an indefinite period of time. Also, because Google's e-mail system allows subscribers to

send and receive e-mail messages from a Web browser anywhere in the world, individuals can log into some Google accounts using any e-mail address that they may have, including e-mail accounts that are not associated with Google.

28. Pursuant to 18 U.S.C. § 2703(f), a preservation request was submitted to Google, Inc. on or about July 7, 2014. By law, this preservation request required Google to maintain any pertinent records for at least 90 days from the date of the request.

## CONCLUSION

29. I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular, 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), by using the warrant to require Google to disclose to the government copies of the records and other information (including the content of communications) particularly described in Section I of Attachment "B." Upon receipt of the information described in Section I of Attachment "B," government-authorized persons will review that information to locate the items described in Section II of Attachment "B."

30. Based on the aforementioned factual information, I respectfully submit that there is probable cause to believe that evidence, fruits, and instrumentalities of such criminal offenses may be located at the premises described in Attachment "A," in violation of 18 U.S.C. §§ 2252 and 2252A.

31. I respectfully request that the attached warrant be issued authorizing the search and seizure of the items listed in Attachment "B."

Reviewed and approved:

*/s/ Steven M. Sucsy*
STEVEN M. SUCSY
Assistant United States Attorney

_____
Sean E. Means, Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me on the 28th day of August, 2014.

_____
E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF TEXAS

## ATTACHMENT "A"
## PROPERTY TO BE SEARCHED

The property to be searched is the Google accounts, including, but not limited to, gmail, Picasa and Google+ accounts, associated with Gregory Flohr and/or associated with the following e-mail address:

gjfflohr@gmail.com

which is stored at premises owned, maintained, controlled or operated by Google Incorporated, headquartered at 1600 Amphitheater Parkway, Mountain View, CA 94043.

## ATTACHMENT "B"
## DESCRIPTION OF ITEMS TO SEIZED AND SEARCHED

### Items to be seized

**I.     Information to be disclosed by Google, Inc.**

To the extent that the information described in Attachment "A" is within the possession, custody, or control of Google, including any messages, records, files, logs, or information that have been deleted but are still available to Google or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Google is required to disclose the following information to the government for each account or identifier listed in Attachment "A":

A.     The contents of all folders associated with the account, including stored or preserved copies of files sent to and from the account, the source and destination addresses associated with each file, and the date and time at which each file was sent;

B.     All transactional information of all activity of the Google accounts described above, including log files, messaging logs, records of session times and durations, dates and times of connecting, and methods of connecting, and e-mails sent or received via Google, and any contact lists;

C.     All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the types of service utilized, the IP address used to register the account,

log-in IP addresses associated with session times and dates, account status, alternate e-mail addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

      D.    All records or other information stored at any time by any individual using the account, including address books, contact and buddy lists, calendar data, pictures, videos, and files; and

      E.    All records pertaining to communications between Google and any person regarding the account or identifier, including contacts with support services and records of actions taken.

## II. Information to be seized by the government

All information described above in Section I that constitutes fruits, evidence and instrumentalities of violations of 18 U.S.C. §§ 2252 and 2252A involving the account(s) associated with the e-mail address provided herein.

## III. Method of delivery

Items seized pursuant to this search warrant can be served by sending, on any digital media device, to:

Special Agent Keith Quigley  
Federal Bureau of Investigation  
1205 Texas Avenue, Suite 811  
Lubbock, Texas 79401